IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THREE DOG BAKERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JRE THREE DOG BAKERY OF BOCA, INC. | ) | |
| and ROBYN EDELSON AKA ROBYN SANDS | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Three Dog Bakery, Inc. ("Three Dog Bakery") and for its Complaint for Damages and Injunctive Relief, alleges as follows:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction over the causes of action arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. 1051 *et seq.*, pursuant to the provisions of 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332. Specifically, the plaintiff is a corporation formed and operating under Delaware law with its principal place of business in Missouri. Defendant JRE Three Dog Bakery of Boca, Inc. ("JRE TDB") is a corporation formed and operating under Florida law with its principal place of business in Florida. Defendant Robyn Edelson a/k/a Robyn Sands ("Sands") is a citizen and resident of Florida. Collectively, JRE TDB and Sands are referred to herein as Defendants. The amount in controversy exceeds $75,000. In addition, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

2. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this district and a substantial part of the property at issue in this action is situated in this district. Additionally, pursuant to Section 18.11 of the License Agreement at issue, the parties irrevocably consented and submitted to jurisdiction in a state or federal court in Jackson County, Missouri.

## II.  THE PARTIES

3. Plaintiff Three Dog Bakery is a Delaware Corporation with its principal place of business in Jackson County, Missouri.

4. Defendant JRE TDB, on information and belief is a Florida Corporation with its principal place of business in Boca Raton, Florida.

5. Defendant Sands, on information and belief, is an individual residing in Boca Raton, Florida and is a citizen of the State of Florida.

## III.  BACKGROUND AND OVERVIEW

### A.  The Three Dog Bakery Marks

6. Three Dog Bakery operates and licenses others to operate stores selling, among other things, dog treats, foods, personalized cakes, muffins, pastries and novelty items manufactured by or under authority of Three Dog Bakery and operating under the "Three Dog Bakery" name and has developed a unique and particular plan of operation. Three Dog Bakery owns the trademark, service mark, and trade name "Three Dog Bakery," and other related trademarks, service marks, trade names, copyrights, and all ancillary signs, symbols, or other indicia used in connection or conjunction with such marks, whether or not registered with the United States Patent and Trademark Office (the "Three Dog Bakery Marks" or "Marks").

7.      The Three Dog Bakery Marks have been used exclusively by Three Dog Bakery and its designated licensees in connection with the operation of Three Dog Bakery stores.  The following principal Three Dog Bakery Marks, among others, have been registered by Three Dog Bakery on the Principal Register of the United States Patent and Trademark Office:

| THREE DOG BAKERY A BAKERY FOR DOGS and Design | 1,971,349 | 30 April 1996 |
| --- | --- | --- |
| THREE DOG BAKERY A BAKERY FOR DOGS | 2,021,727 | 10 December 1996 |
| THREE DOG BAKERY | 2,081,409 | 22 July 1997 |

8.      The foregoing registrations are in full force and effect and cover the goods and services identified on the registration certificates.  These registrations are valid, subsisting, and incontestable under the Lanham Act, 15 U.S.C. § 1065.

9.      Since its first use, the name "Three Dog Bakery" has become universally associated with Three Dog Bakery's unique and particular plan of operation.  As a result, Three Dog Bakery owns common law trade name rights and trademark rights in the name "Three Dog Bakery" and the other Three Dog Bakery Marks.  By virtue of the long use and promotion and the resulting fine public reputation of the trade name "Three Dog Bakery," there is secondary meaning in the name "Three Dog Bakery" and the Three Dog Bakery Marks in that the public associates the products sold in connection with the Three Dog Bakery Marks as originating from a single source.

10.      The Three Dog Bakery Marks have become valuable assets of substantial and inestimable worth to Three Dog Bakery.  The Three Dog Bakery Marks are symbols of quality products offered by Three Dog Bakery stores.

11. Three Dog Bakery has a vital economic interest in protecting its name and the Three Dog Bakery Marks. The preservation and protection of its name and the Three Dog Bakery Marks is essential to the maintenance of the quality of Three Dog Bakery stores and the goodwill and reputation associated with them.

**B.     The License Agreement Between the Defendants and Three Dog Bakery**

12. On August 4, 2004, Defendants JRE TDB and Sands entered into a License agreement (the "License Agreement") with Three Dog Bakery for the operation of a Three Dog Bakery store located in Boca Raton, Florida ("Store"). Under this License Agreement, Three Dog Bakery granted Defendants a license to use the Three Dog Bakery Marks and certain districting features and designs associated with Three Dog Bakery in connection with the operation of the Store. The term of the License Agreement was five (5) years. A true and correct copy of the License Agreement is attached to the Complaint as <u>Exhibit 1</u>. The term of the License Agreement was extended to September 15, 2009 by mutual consent.

13. The License Agreement provides the Defendants with a limited license to use the Three Dog Bakery Marks. In relevant part, the License Agreement provides as follows:

> Licensee acknowledges that Licensee has no interest whatsoever in or to the Licensed Marks and that Licensee's right to use the Licensed Marks is derived solely from this Agreement and is limited to the conduct of his business pursuant to this Agreement . . . Any unauthorized use of the Licensed Marks by Licensee constitutes an infringement of the rights of Licensor in and to the Licensed Marks.
> ……………………………………………………………….

[Exhibit 1, § 3.1].

14. The License Agreement provides that upon the termination or expiration of the License Agreement:

> 16.3   Licensee … will not directly or indirectly at any time or in any manner identify the Bakery or any other Bakery as a current or former THREE DOG BAKERY, or identify himself as a licensee (or former licensee) or as otherwise associated with Licensor . . . or utilize for any purpose any trade name,

trademark or service mark or other commercial symbol that suggests or indicates a connection or association with Licensor. Licensee must promptly remove from its place of business, and discontinue using for any purpose, any and all signs, fixtures, furniture, posters, furnishings, equipment, advertising materials, stationary supplies, forms and other articles which display any of the Licensed Marks or any distinctive features or designs associated with THREE DOG BAKERIES.

16.4 Licensee must, at his expense, immediately make modifications or alterations as may be necessary to distinguish the former Bakery so clearly from its former appearance and from other THREE DOG BAKERIES to prevent any possibility of confusion by the public . . .;

16.5 (2) notify the telephone company and all listing agencies of the termination or expiration of Licensee's right to use any telephone number . . . and to authorize transfer of same to or at the direction of Licensor . . .;

16.7 Licensee agrees that for a period of two (2) years, commencing on the effective date of termination, or the date on which Licensee ceases to conduct the business conducted pursuant to this Agreement, whichever is later, Licensee will not have any interest as an owner, partner, director, officer, employee, consultant, representative or agent, or in any other capacity, in any dog biscuits, food, and dog bakery related products bakery located or operating within a radius of five (5) miles of the Bakery . . .

[Exhibit 1, §§ 16.3-16.7].

**D.  Defendants' Wrongful Conduct**

15. Defendants failed to renew the License Agreement in accordance with its terms and the License Agreement therefore terminated on September 15, 2009. Upon information and belief, Defendants continued to operate the Store using the Three Dog Bakery Marks following the termination of the License Agreement without any payment to Three Dog Bakery and without consent.

16. Upon information and belief, Defendants have continued to operate the Store using the distinctive features and designs associated with Three Dog Bakery, including signs, fixtures, furniture, posters, furnishings, and other materials associated with Three Dog Bakery or substantially similar to those used by Three Dog Bakery at its licensed bakeries. Customers have

been informed that store will merely be changing its name thereby giving the impression that nothing but the name is being changed. At no time did Three Dog Bakery provide permission to utilize the Three Dog Bakery Marks or distinctive features and designs following the termination of the License Agreement.

17. Defendants have also failed and refused to agree to transfer the telephone number and return all confidential information of Three Dog Bakery, including proprietary recipes, to Three Dog Bakery upon the closing of the Store, as required by the License Agreement.

18. Defendants are in violation of the non-competition covenant that survives the termination of the License Agreement and on information and belief are currently operating a competing bakery at the same location.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement against all Defendants )**

**[15 U.S.C. § 1114(1)]**

19. Three Dog Bakery repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Three Dog Bakery Federal Trademark Registrations referred to above in paragraph 7 are in full force and effect.

21. The Three Dog Bakery Marks have not been abandoned and are widely used by Three Dog Bakery nationwide. Three Dog Bakery intends to preserve and maintain its rights to the Three Dog Bakery Marks and to continue to use its Marks for the operation of its Stores.

22. By virtue of the wide renown of the Three Dog Bakery Marks, the Three Dog Bakery Marks have developed secondary meaning and significance in the minds of the

purchasing public. Goods and services associated with the Three Dog Bakery Marks are immediately associated with Three Dog Bakery by the purchasing public.

23. Defendants have used the Three Dog Bakery Marks in connection with the Store, following the termination of the License Agreement, without the consent of Three Dog Bakery in violation of the License Agreement. The unauthorized use by Defendants of the Three Dog Bakery Marks reproduces, copies, and corroboratively imitates, and constitutes trademark infringement of, the Three Dog Bakery Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source and reputation of products in violation of 14 U.S.C. § 1114(1).

24. Upon information and belief, Three Dog Bakery alleges that the activities of Defendants complained of herein constitutes willful and intentional infringement of the Three Dog Bakery Marks in total disregard of Three Dog Bakery's proprietary rights, and was done despite the Defendants' knowledge that the use of the Three Dog Bakery Marks or any reproduction, copy, or colorable imitation thereof was and is in direct contravention of Three Dog Bakery's rights. Even though Defendants received notice of their obligation to stop using the Marks, they intentionally and willfully continue their unauthorized use of the Three Dog Bakery Marks. Three Dog Bakery is therefore entitled to statutory and treble damages.

25. Three Dog Bakery has suffered loss of profits and Defendants have or will earn profits in an amount to be proven at trial as the result of the aforesaid acts of Defendants.

26. As a direct and proximate cause of all of the conduct described above, Three Dog Bakery has been damaged in an amount not presently ascertained, but which exceeds the jurisdictional limits of this court.

27. Further, Three Dog Bakery has no adequate remedy at law. The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable harm and damage to the rights of Three Dog Bakery and its Marks and to the business, reputation, and goodwill of Three Dog Bakery.

28. By reason of the foregoing, Three Dog Bakery is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

## SECOND CAUSE OF ACTION

**(Unfair Competition against Defendants)**

29. Three Dog Bakery repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The conduct of Defendants as herein alleged constitutes unfair methods of competition. The acts and conduct of Defendants complained of herein have caused Three Dog Bakery irreparable injury and will, unless restrained, further impair the value of the Three Dog Bakery Marks and Three Dog Bakery trade name, reputation, and goodwill. Three Dog Bakery has no adequate remedy at law.

31. Three Dog Bakery is informed and believes that Defendants have or will unlawfully obtain profits through their acts of unfair competition. Defendants should be forced to disgorge such unlawful profits to Three Dog Bakery.

## THIRD CAUSE OF ACTION

### (Federal Trademark Dilution against Defendants)

### [15 U.S.C. § 1125(c)]

32. Three Dog Bakery repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Three Dog Bakery Federal Trademark Registrations referred to above in paragraph 7 are in full force and effect.

34. The Three Dog Bakery Marks are famous marks used in interstate commerce in the United States. The Three Dog Bakery Marks are highly distinctive and have a high degree of acquired distinctiveness. Three Dog Bakery has used the Three Dog Bakery Marks nationwide in connection with its Stores. Three Dog Bakery has advertised and publicized the Three Dog Bakery Marks for a considerable amount of time throughout the United States. Three Dog Bakery has used the Three Dog Bakery Marks in the trading area of broad geographical scope encompassing, and not limited to, the United States. The Three Dog Bakery Marks are predominant marks in this channel of trade and have a high degree of recognition among potential customers for dog biscuits and related products. There are no similar marks in use to any extent or in any nature by third parties in connection with such products.

35. Defendants unauthorized use of the Three Dog Bakery Marks dilutes and detracts from the distinctiveness of the Three Dog Bakery Marks, with consequent damage to Three Dog Bakery and the business and goodwill symbolized by the Three Dog Bakery Marks in violation of the Federal Trademark Dilution Act of 1995, codified at 15 U.S.C. § 1125(c).

36. Defendants intentionally and willfully continue their unauthorized use of the Three Dog Bakery Marks. Defendants' willful acts of trademark dilution have caused and are causing great and irreparable injury to Three Dog Bakery and the Three Dog Bakery Marks, and to the business and goodwill represented thereby in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Three Dog Bakery with no adequate remedy at law.

37. By reason of the foregoing, Three Dog Bakery is entitled to injunctive relief against Defendants restraining further acts of trademark dilution. Further, Three Dog Bakery is entitled to statutory and treble damages as Defendants willfully intended to trade on Three Dog Bakery's reputation or to cause dilution of the Three Dog Bakery Marks.

## FOURTH CAUSE OF ACTION

**(False Designation of Origin and False Description against Defendants)**

**[15 U.S.C. § 1125(a)]**

38. Three Dog Bakery repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The Three Dog Bakery Marks, as set forth in paragraph 7 above, are distinctive, have been used throughout the United States, and are well known to the trade and members of the purchasing public. The public generally associates and identifies the Three Dog Bakery Marks with Three Dog Bakery.

40. Defendants' conduct, as described above, constitutes false designation of origin or sponsorship of those products and services, intends falsely to represent that such Marks originate from Three Dog Bakery or that such products and services have been sponsored, approved, or licensed by Three Dog Bakery or are in some way affiliated or connected with Three Dog

Bakery. Defendants' conduct is likely to confuse, mislead, and deceive Three Dog Bakery customers, purchasers, and members of the public as to the origin of the trademarks or cause such persons to believe that the products and services offered by Defendants are sponsored, approved, authorized, or licensed by Three Dog Bakery or in some way affiliated or connected with Three Dog Bakery, all in violation of 15 U.S.C. §1125(a).

41. Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations and with the express intent to cause confusion and to mislead and deceive the purchasing public.

42. As a direct and proximate cause of all of the conduct described above, Three Dog Bakery has been damaged in an amount not presently ascertained, but which exceeds the jurisdictional limits of this court.

43. Three Dog Bakery has no adequate remedy at law. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Three Dog Bakery and the Three Dog Bakery Marks and to the business, reputation, and goodwill of Three Dog Bakery.

44. By reason of the foregoing, Three Dog Bakery is entitled to preliminary and permanent injunctive relief against Defendants restraining further acts of false designation of origin.

## FIFTH CAUSE OF ACTION

**(Breach of Contract against Defendants)**

45. Three Dog Bakery repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Three Dog Bakery has performed all promises required on its part to have been performed under the terms of the License Agreement except to the extent prevented from doing so by the Defendants.

47. Defendants have breached the License Agreement, as well as the implied covenant of good faith and fair dealing under the License Agreement, by utilizing the Three Dog Bakery Marks and the distinctive features and designs associated with Three Dog Bakery in connection with their new competing business in violation of the License Agreement. Defendants have further breached the License Agreement by operating a similar business within five miles of the Store location in violation of the License Agreement. Defendants have further breached the License Agreement by refusing to agree to transfer the Store phone number to Three Dog Bakery or to return their confidential information in violation of the License Agreement.

48. As a result of Defendants breaches of the License Agreement and breach of the implied covenant, Three Dog Bakery has suffered and continues to suffer irreparable harm to its reputation.

49. These breaches are material breaches of the License Agreement which go to the heart of Three Dog Bakery's right to control the use of its trade names, trade secrets, and the Three Dog Bakery Marks and to ensure the quality of the products sold under its name. This conduct has interfered with the continued goodwill of the Three Dog Bakery system with the public, which relies upon and has come to trust in Three Dog Bakery's good reputation.

50. As a direct and proximate cause of all of the material breaches described above, Three Dog Bakery has been damaged in an amount not presently ascertained, but which exceeds the jurisdictional limits of this court. Further, an award of monetary damages will not adequately

compensate Three Dog Bakery for the damages that it has incurred as a result of Defendants' breaches. Unless the License Agreement is specifically enforced, and an injunction issued, Defendants will continue to breach the License Agreement, causing irreparable harm to Three Dog Bakery. Three Dog Bakery is further entitled to its costs and attorney's fees pursuant to section 18.9 of the License Agreement.

## SIXTH CAUSE OF ACTION

**(Missouri Trademark Infringement against Defendants)**

51. Three Dog Bakery repeats and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Three Dog Bakery is the owner of a distinctive mark and name.

53. The Three Dog Bakery Marks have not been abandoned and are widely used by Three Dog Bakery in Missouri and nationwide. Three Dog Bakery intends to preserve and maintain its rights to the Three Dog Bakery Marks and to continue to use its Marks for the operation of its Stores.

54. By virtue of the wide renown of the Three Dog Bakery Marks, the Three Dog Bakery Marks have developed secondary meaning and significance in the minds of the purchasing public. Goods and services associated with the Three Dog Bakery Marks are immediately associated with Three Dog Bakery by the purchasing public.

55. Defendants have used the Three Dog Bakery Marks in connection with their competing bakery without the consent of Three Dog Bakery in violation of the License Agreement. The unauthorized use by Defendants of the Three Dog Bakery Marks reproduces, copies, and corroboratively imitates, and constitutes trademark infringement of, the Three Dog Bakery Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source and reputation of products in violation of Missouri law.

56. Upon information and belief, Three Dog Bakery alleges that the activities of Defendants complained of herein constitutes willful and intentional infringement of the Three Dog Bakery Marks in total disregard of Three Dog Bakery's proprietary rights, and was done despite Defendants knowledge that the use of the Three Dog Bakery Marks or any reproduction, copy, or colorable imitation thereof was and is in direct contravention of Three Dog Bakery's rights. Even though Defendants received notice of their obligations, they intentionally and willfully continue their unauthorized use of the Three Dog Bakery Marks.

57. As a direct and proximate cause of all of the conduct described above, Three Dog Bakery has been damaged in an amount not presently ascertained, but which exceeds the jurisdictional limits of this court.

58. Further, Three Dog Bakery has no adequate remedy at law. The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable harm and damage to the rights of Three Dog Bakery and its Marks and to the business, reputation, and goodwill of Three Dog Bakery.

59. By reason of the foregoing, Three Dog Bakery is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

## SEVENTH CAUSE OF ACTION

**(Missouri Unfair Competition Against Defendants)**

60. Three Dog Bakery repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61. The conduct of Defendants as herein alleged constitutes unfair methods of competition under Missouri law. The acts and conduct of Defendants complained of herein have

caused Three Dog Bakery irreparable injury and will, unless restrained, further impair the value of the Three Dog Bakery Marks and Three Dog Bakery trade name, reputation, and good will. Three Dog Bakery has no adequate remedy at law.

62. Three Dog Bakery is informed and believes that Defendants have or will unlawfully obtain profits through their acts of unfair competition. Defendants should be forced to disgorge such unlawful profits to Three Dog Bakery.

## EIGHTH CAUSE OF ACTION

### (State Trademark Dilution against Defendants)

63. Three Dog Bakery repeats and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Three Dog Bakery owns a mark valid at common law.

65. Defendants unauthorized use of the Three Dog Bakery Marks dilutes and detracts from the distinctiveness of the Three Dog Bakery Marks, with consequent damage to Three Dog Bakery and the business and goodwill symbolized by the Three Dog Bakery Marks in violation of R.S.Mo. § 417.056.

66. Defendants intentionally and willfully continue their unauthorized use of the Three Dog Bakery Marks. Defendants' willful acts of trademark dilution have caused and are causing great and irreparable injury to Three Dog Bakery and the Three Dog Bakery Marks, and to the business and goodwill represented thereby in an amount that cannot be ascertained at this time and, unless restrained, will cause further acts of trademark dilution.

## NINTH CAUSE OF ACTION

### (Declaratory Relief against all Defendants)

67. Three Dog Bakery repeats and realleges paragraphs 1 through 66 as though fully set forth herein.

68. An actual controversy within this Court's jurisdiction has arisen between the parties and now exists within the meaning of 28 U.S.C. §2201.

69. Three Dog Bakery contends that the Defendants cannot operate a competing store selling similar products either at the Store location or otherwise during the term of the License Agreement or for two years following termination. Further, Three Dog Bakery contends that the current use by Defendants of the Three Dog Bakery Marks and the distinctive features and designs associated with Three Dog Bakery was unauthorized and improper. Further, Three Dog Bakery contends that upon the termination or expiration of the License Agreement, the Defendants must comply with all post-termination provisions, including those set forth above, and must return all confidential information to Three Dog Bakery, including without limitation all customer lists. Three Dog Bakery is informed and believes that the Defendants refute these contentions.

70. Three Dog Bakery requests a declaration from this Court regarding the rights of the parties under the License Agreement as set forth above.

## PRAYER FOR RELIEF

WHEREFORE plaintiff Three Dog Bakery prays for judgment as follows:

1. That Three Dog Bakery recover from Defendants statutory, actual, and punitive or treble damages on account of Defendants' trademark infringement, unfair competition,

trademark dilution, false designation of origin and breach of contract;

2. For an Order enjoining Defendants from implying that any business owned or operated by them, including the business operating at the Store location, has any connection with Three Dog Bakery and from any further use of the Three Dog Bakery Marks, confidential information owned by Three Dog Bakery, or the distinctive features and designs associated with Three Dog Bakery, including signs, fixtures, furniture, posters, furnishings, and other materials;

3. For an accounting of any profits obtained by Defendants through the improper use of the Three Dog Bakery Marks or the distinctive features and designs associated with Three Dog Bakery and for disgorgement of those profits to Three Dog Bakery pursuant to 15 U.S.C. § 1117;

4. For a declaration from the Court regarding the rights of the parties under the License Agreement, including without limitation those rights set forth in paragraph 69 above;

5. That Three Dog Bakery be awarded its attorneys' fees and costs of suit;

6. For interest to the extent allowed by law; and

7. For such other and further relief as the Court may deem proper and just.

## JURY DEMAND

Three Dog Bakery demands a trial by jury on all issues.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Christopher C. Javillonar
 Christopher C. Javillonar, MO #55197
 1200 Main Street, Suite 3500
 Kansas City, MO 64105
 (816) 374-3200 telephone
 (816) 374-3300 facsimile

ATTORNEYS FOR PLAINTIFF